PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant,
CADENCE EDUCATION, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| JASMINE DAVIS,<br><br>            Plaintiff,<br><br>      vs.<br><br>CADENCE EDUCATION, LLC dba<br>CADENCE ACADEMY and DOES 1-20,<br><br>            Defendants. | Case No. _____<br><br>**DEFENDANT CADENCE EDUCATION, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Corporate Disclosure Statement; and Declarations of Paul M. Smith and Josh Hackett]<br><br>[Sacramento County Superior Court Case No. 23CV009934]<br><br>Action Filed:     October 17, 2023<br>Trial Date:        TBD |

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JASMINE DAVIS AND HER ATTORNEYS OF RECORD:**

1.      **PLEASE TAKE NOTICE** that Defendant CADENCE EDUCATION, LLC ("Defendant"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Sacramento, to the United States District Court for the Eastern District of California, pursuant to 28 United States Code §§ 1332, 1441, and 1446.[1]

2.      Defendant removes this action on the grounds that: (a) there is complete diversity of citizenship between Plaintiff JASMINE DAVIS ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of Delaware and Arizona; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

**I.      THE STATE COURT ACTION**

3.      On October 17, 2023, Plaintiff, by and through her attorney of record, filed a civil action in the Superior Court of the State of California for the County of Sacramento, entitled: *Jasmine Davis v. Cadence Education, LLC dba Cadence Academy, et al.* Case No.: 23CV009934 ("Complaint").

4.      Plaintiff's Complaint asserts five causes of action for: (1) Retaliation in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Harassment and Discrimination in Violation of FEHA; (3) Harassment in Violation of FEHA (Hostile Working Environment); (4) Retaliation in Violation of Labor Code Section 1102.5; and (5) Adverse Action in Violation of Public Policy.

5.      On November 20, 2023, Plaintiff served on Defendant copies of the Summons, Verified Complaint for Damages, Civil Case Cover Sheet, Notice of Case Assignment and Case

---

[1] Unless noted otherwise, all references to the Code or "Section" refer to Chapter 28 of the United States Code.

Management Conference, Program Case Notice, Alternative Dispute Resolution Information Package, and Tentative Ruling Information (the "Case Initiating Pleadings"). A true and correct copy of the Case Initiating Pleadings is attached hereto as **Exhibit A**.

6.      As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 United States Code §§ 1332(a), 1441(a) and 1446, because this matter is between citizens of different states and the amount in controversy is greater than $75,000, as set forth below.

## II.    <u>REMOVAL IS TIMELY</u>

7.      A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *see Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).

8.      Plaintiff served the Case Initiating Pleadings on Defendant's registered agent on November 20, 2023. This filing is made within 30 days of service of the Case Initiating Pleadings. As such, removal is timely.

## III.    <u>BASIS FOR REMOVAL IS DIVERSITY JURSIDICTION</u>

9.      The basis for removal is that this Court has original jurisdiction of this action under Section 1332 of the Code and is one which may be removed to this Court by Defendant, pursuant to Section §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists. 28 U.S.C. § 1441(b).

10.      Under Section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) ("*Dart*"); 28 U.S.C. § 1446(a). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Dart*, 135 S. Ct. at. 551, 553.

11.      Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met here and this case is removable to this Court because: **(1)** there is complete

diversity of the parties - Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Arizona; and **(2)** the amount in controversy exceeds $75,000.

**A.    The Citizenship of The Parties is Diverse.**

**1.    Plaintiff is a Citizen of California.**

12.    For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries*, *Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

13.    As set forth in the Complaint, Plaintiff "[a]t all relevant times mentioned . . . was and is a resident of the State of California."  (Pl.'s Compl. ¶1).  As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

**2.    Defendant is Not a Citizen of California.**

14.    Defendant Cadence Education, LLC is a Delaware limited liability company. (Declaration of Josh Haskett ("Haskett Decl.") ¶ 2).

15.    For purposes of diversity, the citizenship of a limited liability company is determined by examination of the citizenship of the members of the limited liability company. See, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

16.    The sole member of Defendant is Sunshine Cadence Buyer LLC – a Delaware limited liability company. (Haskett Decl. ¶ 3).

17.    The sole member of Sunshine Cadence Buyer LLC is Sunshine Cadence Midco, LLC – yet another Delaware limited liability company. *Id*. at ¶4.

18.    The sole member of Sunshine Cadence Midco, LLC is Sunshine Cadence Parent, LLC – another Delaware limited liability company. *Id*. at ¶ 5.

19.    The sole member of Sunshine Cadence Parent, LLC is Sunshine Cadence Holdco, LLC – a Delaware limited liability company. *Id*. at ¶ 6.

20.    Finally, the sole member of Sunshine Cadence Holdco, LLC is Sunshine Acquisition Co, Inc. *Id*. at ¶ 7.

1     21.    When an LLC's owners/members include a corporation, the corporation's

2  citizenship is also relevant. *See, e.g.*, *Empower Retirement, LLC v. Diaz*, 2023 WL 1963245 at *3,

3  No. 2:22-cv-0489-KJM-CKD (E.D. Cal. Feb. 13, 2023) (considering corporate citizenship of

4  member of LLC).

5     22.    Pursuant to Section 1332(c), "a corporation shall be deemed to be a citizen of any

6  State by which it has been incorporated and of the State where it has its principal place of

7  business." 28 U.S.C. § 1332(c).  The Supreme Court has established the proper test for

8  determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz*

9  *Corp. v. Friend*, 559 U.S. 77 (2010) (rejecting all prior tests in favor of "nerve center" test)

10  ("*Hertz*").  In *Hertz, t*he Court held that the term "'principal place of business' [as contained in

11  Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control,

12  and coordinate the corporation's activities." *Id.* at 1184.  *Hertz* further clarified that the principal

13  place of business was the place where the corporation "maintains its headquarters - provided that

14  the headquarters is the actual center of direction, control and coordination." *Id.*

15     23.    Sunshine Acquisition Co, Inc. is, and was at the time of the filing of this action, a

16  citizen of a State other than California within the meaning of Section 1332(c)(1). 28 U.S.C. §

17  1332(c)(1).

18     24.    Sunshine Acquisition Co, Inc. was at the time of the filing of this action, and still is,

19  a corporation incorporated under the laws of Delaware. (Haskett Decl. ¶8).  Sunshine Acquisition

20  Co, Inc.'s principal place of business and the location where its executive and senior management

21  personnel coordinate its corporate activities is Arizona. (*Id.*)  Therefore, at all material times,

22  Defendant has been a citizen of the states of Delaware and Arizona.

23          **3.**    **Doe Defendants Cannot Defeat Diversity.**

24     25.    The citizenship of fictitiously named "Doe" defendants is disregarded for purposes

25  of removal. *See,* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686,

26  690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the

27  named defendants are considered).

28

26.    Because Defendant is a citizen of the State of Delaware and the State of Arizona, and Plaintiff is a citizen of the State of California, complete diversity exists. 28 U.S.C. §§ 1332(a).

**B.    The Amount In Controversy Exceeds $75,000.**

27.    "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.  Legal certainty of the amount in controversy is not required.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("[a] defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").  "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

28.    To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy").  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees.  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

29.    Removal is proper if from the allegations of the complaint and the notice of removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

///

///

30.    While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

### 1.    Compensatory Damages

31.    Plaintiff seeks lost income in the form of past and future earnings and benefits. (Pl.'s Compl.  ¶¶ 48, 62, 69, 82, Prayer for Relief ¶¶ 2-3.)

32.    Plaintiff alleges that "[o]n or about October 23, 2019… she was no longer able to withstand the constant retaliation and harassment [and] wrote a letter… explaining why she was quitting *effective immediately*." [emphasis added] [Pl.'s Compl. ¶ 31].

33.    Plaintiff does not make any allegations concerning when she sought alternative employment and/or when and whether she effectively mitigated her damages. [*See,* Pl.'s Compl., *passim.*] As such, it is reasonable to project that Plaintiff seeks lost wages from October 23, 2019 through trial.

34.    The U.S. District Courts – Judicial Caseload Profile for United States District Court for the Eastern District of California indicates that as of June 30, 2023, it took a median of 59 months from the filing of a case to the completion of trial.  (Smith Decl. ¶2 Ex. A [Judicial Case Load Profile].)

35.    In 2019, the minimum wage in California was $12.00 per hour for employers with 26 or more employees. (Smith Decl. ¶ 3 Ex.B [California DIR Minimum Wage Frequently Asked Questions].) The minimum wage has steadily increased each year since 2017, and reached $15.50 per hour in 2023. *Id*. It is slated to rise to $16.00 per hour on January 1, 2024. (Smith Decl. ¶ 4 Ex. C [California DIR Minimum Wage Page].)

36.    Assuming that Plaintiff was only paid the minimum wage and worked only twenty hours per week, the amount in controversy can be met without even considering Plaintiff's claims for non-economic (emotional distress) damages, punitive damages, and/or attorneys' fees, and without waiting 59 months from filing (Oct. 2023) to get to trial (Sept. 2028). Rather, the amount in controversy is established even if the case goes to trial within 14 months of filing (December 2024):

**LOST WAGES CALCULATIONS**

| Year | Weeks Worked | Hours/week | Hourly Rate | $ Amount | Subtotal |
|------|-------------|-----------|------------|----------|----------|
| 2019 | 8[2] | 20 | $12.00 | $1,920. | $1,920 |
| 2020 | 50[3] | 20 | $13.00 | $13,000 | $14,920 |
| 2021 | 50 | 20 | $14.00 | $14,000 | $28,920 |
| 2022 | 50 | 20 | $15.00 | $15,000 | $43,920 |
| 2023 | 50 | 20 | $15.50 | $15,500 | $59,420 |
| 2024 | 50 | 20 | $16.00 | $16,000 | **$75,420** |
| 2025 | 50 | 20 | $16.00 | $16,000 | **$91,420** |

### 2. Emotional Distress Damages.

37.     Plaintiff also seeks compensation for non-economic damages including emotional distress. (Pl.'s Compl. ¶¶ 41, 48, 62, 71, 84, Prayer for Relief ¶ 2.) Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability)*; Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge).

38.     More recent cases extend the trend with seven-figure emotional distress verdicts becoming more common across the state. For example, in *Sosa v. Comerica Bank, et al.*, Case Number BC675252, a Los Angeles Jury awarded Sosa $13,000,000 in emotional distress damages for past and future "pain and suffering" in a case alleging gender discrimination and retaliation in violation of the FEHA. (LA Superior Court Case No. BC675252, Nov. 16, 2023.) And in *McCray v. Westrock Servs, LLC*, a southern California jury awarded $2,500,000 in emotional distress

---

[2] Approx. November 1, 2019 to December 31, 2019.
[3] Assumes two weeks of unpaid time off.

damages in a disability / medical leave discrimination and retaliation action under the FEHA. 2023 WL 6572683 (C.D. Cal. Aug. 24, 2023).

39.    Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

### 3.    Punitive Damages.

40.    In addition to the damages discussed above, Plaintiff seeks punitive damages.  (Pl.'s Compl. ¶¶ 49, 61, 85, Prayer for Relief ¶ 7.)  The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).  For amount in controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

41.    Punitive damages may be substantial and in some cases even exceed the amount of compensatory damages.  *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).  In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases.  *See, e.g., Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*, No. BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Sup. Ct.) (awarding $5,000,000 in punitive damages in case involving claims of age, disability and race harassment, discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave).

42.    Further, in *State Farm Mut. Automobile Ins. Co. v, Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

43.    Here, Plaintiff is alleging that Defendant discriminated against her based on her race and acted in retaliation for engaging in protected activity, resulting in her constructive termination. (Pl.'s Comp., *passim.*) Therefore, in addition to Plaintiff's compensatory and emotional distress damages discussed above, and, again, even from a conservatively measured standpoint, each of Plaintiff's causes of action and her prayer for punitive damages demonstrate that the amount in controversy exceeds $75,000 — even though Defendant asserts that it had one or more legitimate non-discriminatory and/or non-retaliatory reasons for its actions and defenses. *See Haase v. Aerodynamics Inc*., No. 2:09-cv-01751-MCE- GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

### 4.    **Attorneys' Fees.**

44.    Plaintiff seeks an award of attorneys' fees.  (Pl.'s Compl., ¶¶ 50, 63, Prayer for Relief ¶ 5.)  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are expressly authorized by statute, such fees may be included in the amount in determining the amount in controversy").

45.    The Court must consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  *See Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

46.    In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (ND. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); *see also Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 060V05356 (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case). "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Fristsch*, 899 F.3d at 795 (internal quotation marks and citation omitted). As other courts have noted, employment actions often "require substantial effort from counsel." *Id.*

47.    Sister courts in the Ninth Circuit have awarded attorneys' fees to a prevailing plaintiff in employment cases north of $300 per hour. For example, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting employment claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment). In the United States District Court for the Central District of California, a court considered $300 per hour and 100 hours expended to be a *conservative* estimate of attorneys' fees sought for purposes of removal, noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages. *Garcia v. Ace Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014).

48.    Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Defendant may also challenge the pleadings by way of a Motion to Dismiss or Motion for Judgment on the Pleadings. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on her claims, she could

be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

49.    Accordingly, Plaintiff's claims for unpaid wages, emotional distress, punitive damages, and attorney's fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

**IV.    VENUE**

50.    Venue lies in this Court because Plaintiff's action is pending in this district and division.  See 28 U.S.C. § 1441(a).  Pursuant to Section 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Sacramento.  Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

**V.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

51.    In accordance with Section 1446(a), **Exhibit A** constitutes a copy of all processes, pleadings, and orders either served upon or by Defendant. 28 U.S.C. § 1446(a). As required by Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint. 28 U.S.C. § 1446(b). And as required by Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Sacramento. 28 U.S.C. § 1446(d).

**VI.    CONCLUSION**

52.    Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

///

///

///

///

///

1    　　　In the event this Court has a question regarding the propriety of this Notice, Defendant

2    requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief

3    the Court on the basis for this removal.

4

5    DATED:  December 20, 2023                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                  STEWART, P.C.
6

7

8                                                By:  /s/ Paul M. Smith
                                                      Paul M. Smith
9

10                                               Attorneys for Defendant
                                                 CADENCE EDUCATION, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FEDERAL COURT

EXHIBIT A

 **CAPITOL SERVICES**

**Capitol Corporate Services**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| JENINNE HUNT<br>CADENCE EDUCATION INC<br>8800 N GAINEY CENTER DR STE 300<br>SCOTTSDALE ARIZONA 85258-2165 | **Date Processed:** | 11/20/2023 |
| | **Completed By:** | FENTON TRAN |
| | **Delivery Method to Client:** | FEDEX 2 DAY |
| | **Tracking Number:** | 786649672350 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>11/20/2023 11:30 AM in CALIFORNIA | **Transmittal #**<br>CA-260596 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|

| **With Regard to Client** |
|---|
| CADENCE EDUCATION, LLC |

| **Title of Case or Action** |
|---|
| JASMINE DAVIS V. CADENCE EDUCATION, LLC, ET AL. |

| **Case Number** | **Type of Document Served** |
|---|---|
| 23CV009934 | CITATION/SUMMONS |

| **Court Name** |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO |

| **Note** |
|---|
| |



1-260596M

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*Issued and Filed*

**Superior Court of California**
*(SOLO PARA USO DE LA CORTE)*
Sacramento
10/17/2023
bloxson
By _____, Deputy
23CV009934

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cadence Education, LLC dba Cadence Academy and Does 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jasmine Davis

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento County Superior Court<br>720 Ninth Street<br>Sacramento, CA 95814 | **CASE NUMBER:**<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin L. Ward, Esq., 2121 Natomas Crossing Drive, Suite 200-389, Sacramento, CA 95834; 916-443-2474

| DATE:<br>*(Fecha)* OCT 17 2023 | Clerk, by<br>*(Secretario)* V. BLOXSON | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Cadence Education, LLC *dba Cadence Academy*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☑ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Filed
Superior Court of California,
Sacramento
10/16/2023
bloxsov
By _____, Deputy
23CV009934

1   Justin L. Ward (SBN: 225363)
**THE WARD FIRM**
2   2121 Natomas Crossing Drive, Suite 200-389
Sacramento, California 95834
3   Telephone: 916.443.2474
Facsimile: 916.209.8628
4   E-Mail:   justin@jlwardfirm.com

5

6   Attorneys for Plaintiff,
JASMINE DAVIS
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SACRAMENTO
9

| | |
|---|---|
| 10  JASMINE DAVIS, | Case No.: |
| 11         Plaintiff, | |
| 12 | **VERIFIED COMPLAINT FOR DAMAGES:** |
| 13     vs. | 1. **Retaliation in Violation of FEHA;** |
| 14  CADENCE EDUCATION, LLC dba<br>CADENCE ACADEMY and DOES | 2. **Failure to Prevent Harassment and Discrimination in Violation of FEHA;** |
| 15  1-20, | 3. **Harassment in Violation of FEHA (Hostile working environment);** |
| 16     Defendants. | 4. **Retaliation in Violation of Labor Code Section 1102.5;** |
| 17 | 5. **Adverse Action in Violation of Public Policy.** |
| 18 | |
| 19 | **DEMAND FOR JURY TRIAL** |

20                    ***PARTIES***

21                  **PLAINTIFF**

22     1.    At all times relevant herein, Plaintiff Jasmine Davis ("Davis" or "Plaintiff") is an adult

23  female, and a resident of the State of California. At all times herein, Plaintiff was an employee of

24  Cadence Education, LLC, dba Cadence Academy an unknown business entity. Plaintiff was assigned

25  to work at the Cadence Academy located at 5739 El Camino Avenue in Carmichael, California.

26                   **DEFENDANTS**

27     2.    Defendant Cadence Education, LLC dba Cadence Academy, ("Cadence") is an

28  unknown business entity, incorporated at 8800 North Gainey Center Drive, Suite 300 in Scottsdale,

1

Verified Complaint for Damage                                   Justin L. Ward, Esq.
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: _____

1  Arizona, while doing business at 5739 El Camino Avenue in Carmichael, California. Cadence was at

2  all times relevant to this action an "Employer," as defined by Government Code section 12926,

3  subdivision (d).

4    3.    The true names and capacities of defendants sued in the Complaint under the fictitious

5  name of DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues defendants by such

6  fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when

7  ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named

8  defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries

9  as herein alleged were proximately caused by such unlawful conduct.

10    4.    Hereinafter, Defendants Cadence and DOES 1 through 20, inclusive, are collectively

11  referred to as "Defendants."

12                    **JURISDICTION AND VENUE**

13    5.    Plaintiff brings this action pursuant to and under the California Fair Employment &

14  Housing Act ("FEHA") and other common and statutory laws.

15    6.    Venue is proper in this Court because the acts and/or omissions and events set forth in

16  this Complaint occurred in whole or in part in the County of Sacramento, located in the State of

17  California. The Defendants' principal place of business is in the County of Sacramento, and Plaintiff

18  was employed by Defendants in the County of Sacramento. Plaintiff is informed and believes and

19  thereon alleges that employment records are maintained in the County of Sacramento.

20    7.    State policy favors jurisdiction and venue in Sacramento County, California because the

21  State of California has a policy of protecting California residents and ensuring the applicability of

22  California labor laws.

23    8.    Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and

24  evidence relevant to this case are located in Sacramento County in California.

25    9.    Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens

26  to the parties herein favor the filing of this lawsuit in this Court. Defendants suffer no burden or

27  hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue

28  burden and hardship if she were required to file in an alternative forum, if any such forum exists. Such

2

1    burden and hardship on Plaintiff includes but is not limited to prohibitive monetary expenses for travel,

2    obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain

3    evidence and depose and interview witnesses.

4        10.     The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

5                         **ADMNISTRATIVE EXAUSTION**

6        11.     Before filing the instant action, Plaintiff exhausted her administrative remedies. On or

7    about October 16, 2022, Plaintiff filed a charge with the California Civil Rights Department ("CCRD").

8    On or about October 16, 2022, Plaintiff received a Notice of Case Closure, together with a Right-To-

9    Sue Notice (attached as Exhibit 1).

10    **GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11        12.     At all times relevant herein, Ms. Davis, was an adult female employee of Defendants,

12    working at Cadence Academy located at 5739 El Camino Avenue in Carmichael, California. The

13    Cadence corporate office is located at 8800 North Gainey Center Drive, Suite 300 in Scottsdale,

14    Arizona.

15        13.     At all times relevant herein, Defendants employed sufficient employees to make them

16    an "employer" within the meaning of the FEHA.

17        14.     Ms. Davis began working as a pre-school teacher at Cadence in December 2017.

18        15.     Ms. Davis's then seven-month-old son, Jeremiah Davis began attending Cadence shortly

19    after she began working there. Ms. Davis gave birth to another son, Josiah Davis on September 22,

20    2018. Josiah began attending Cadence approximately six weeks after he was born.

21        16.     During October 2019 Cadence employee Katie Salvino (K Salvino), who is the

22    Caucasian daughter of the Caucasian Cadence director, Debborah Salvino (D Salvino) held then

23    thirteen-month-old Josiah, who is African-American, in her arms and proceeded to manipulate the

24    baby's body to dance to a rap song. The video of the incident was later posted on Facebook by Cadence

25    employee Ashley Charity. The video shows Josiah continuously being jerked around and lifted to

26    dance. Ms. Charity forwarded a copy of the video to Ms. Davis.

27        17.     K Salvino and Ms. Charity have cared for many children of all races during their

28    employment with Cadence. To Ms. Davis's knowledge, they never forced any other infants to dance

Verified Complaint for Damage
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: _____

Justin L. Ward, Esq.

1    and then taken videos of them.

2        18.    Rhonda Davis, Jasmine Davis's mother, reported the Cadence employees' actions to the

3    California Department of Social Services (DSS). DSS investigated the incident and contacted Cadence

4    regarding the allegations, eventually citing Cadence for a "violation of personal rights of a child".

5        19.    After the incident was reported to DSS, Ms. Davis noticed that many of her coworkers

6    and supervisors began to treat her differently. Normally they engaged in regular conversations both

7    personal and work-related. Jasmine also socialized often with coworkers. They went to dinner, bars,

8    and clubs together and always ate lunch together. After Ms. Davis reported the incident, she was no

9    longer invited to social events with her coworkers at work or after work. She felt very ostracized.

10        20.    Ms. Davis's children were also treated differently. The children were neglected. On

11    multiple occasions, their diapers were not changed when Ms. Davis picked them up.

12        21.    Ms. Davis informed her supervisor, D Salvino of the actions of her co-workers, but the

13    ostracization and neglect of Ms. Davis's children continued.

14        22.    Danielle (last name unknown), a coworker of Ms. Davis informed her that everyone was

15    mad at Ms. Davis for her mother's reporting of the school's actions regarding Josiah.

16        23.    Danielle also informed Ms. Davis that D Salvino told all the employees not to speak to

17    Ms. Davis because they could not trust her.

18        24.    Ms. Davis felt Danielle was likely telling the truth because D Salvino had previously

19    told Ms. Davis not to speak to certain coworkers when she was upset with them.

20        25.    On October 17, 2019, Ms. Davis approached D Salvino to discuss the harassment and

21    retaliation she was experiencing. Ms. Davis informed D Salvino that the exploitation of her son by K

22    Salvino and subsequent lack of discipline by Cadence and D Salvino was unacceptable. She let D

23    Salvino know that their actions caused a significant amount of stress and emotional pain because it was

24    obvious to Ms. Davis that they did not care about the mistreatment of Ms. Davis's son in a classroom

25    where he should have been safe.

26        26.    Ms. Davis also told D Salvino that her son was exploited and mishandled in an obviously

27    racial manner for the satisfaction of others and recorded on another employee's personal phone without

28    Ms. Davis's consent. D Salvino denied that there was any retaliation or harassment of Ms. Davis and

4

Verified Complaint for Damage
Jasmine Davis vs. Cadence Education, LLC, et al.
Case No.: _____

Justin L. Ward, Esq.

1  did not offer to act to protect Ms. Davis or her children.

2      27.    After the October 17, 2019, meeting, D Salvino told the other Cadence employees that

3  Ms. Davis was "throwing them under the bus."

4      28.    D Salvino also confronted Danielle about what Danielle told Ms. Davis and threatened

5  to terminate Danielle if she continued to speak to Ms. Davis.

6      29.    After being informed of D Salvino's actions after their October 17, 2019, meeting, Ms.

7  Davis could no longer endure the mistreatment she received by Cadence and gave her two-week notice.

8      30.    On or about October 23, 2019, Ms. Davis was told by a coworker that she heard Ms.

9  Davis's children's teachers saying they did not want to do anything regarding her children because they

10 did not want to deal with Ms. Davis or get reported by her.

11     31.    On or about October 23, 2019, after she was no longer able to withstand the constant

12 retaliation and harassment, Ms. Davis wrote a letter to D Salvino, reminding her of the various issues

13 she brought up in the October 17, 2019, meeting and explaining why she was quitting effective

14 immediately. Ms. Davis later forwarded the letter to the Cadence corporate office.

15 ### *CAUSES OF ACTION*

16 ### FIRST CAUSE OF ACTION

17 #### Retaliation in violation of FEHA

18 #### (Against All Defendants)

19     32.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

20 contained in this complaint as though fully set forth herein.

21     33.    This cause of action is asserted against all Defendants.

22     34.    At all relevant times, Plaintiff was an employee of Defendants.

23     35.    At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was

24 protected by California State law from retaliation based, or motivated by, her opposition to practices in

25 violation of the law, including, without limitation, FEHA, and the California Labor Code.

26     36.    Plaintiff was subjected to and complained of practices prohibited by FEHA. Defendants

27 made numerous decisions which adversely affected Plaintiff in regard to the terms, conditions and

28 privileges of employment, including, but not limited to, subjecting her to, harassment, and

Verified Complaint for Damage
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: _____                    Justin L. Ward, Esq.

discrimination. Plaintiff is informed and believes and thereon alleges that the adverse actions taken by Defendants were motivated, at least in substantial part, by her protected activities including reporting K Salvino and Ms. Charity's inappropriate actions towards Josiah.

37.     Plaintiff filed a timely charge of discrimination with the CCRD. Plaintiff received a Notice of Right to Sue from the CCRD.

38.     As more fully described above, Plaintiff engaged in protected activities including objecting to harassment and discrimination of Josiah.

39.     Plaintiff was harassed by employees employed by Defendants, and she objected to the conduct repeatedly. She reported the statements and conduct but suffered retaliation as a result. In exercising her rights under the FEHA, Plaintiff engaged in legally protected activity.

40.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced weight gain, depression, insomnia, headaches, fatigue, anxiety, uncontrollable sobbing, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

41.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination or Retaliation in Violation of FEHA

### (Against All Defendants)

42.     Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

43.     Government Code § 12940(k) sets forth that an employer cannot fail to take all reasonable steps necessary to prevent harassment, discrimination, or retaliation, and that failing to do so is a violation of § 12940(k).

44.     Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that Katie Salvino, Deborah Salvino, and Ashley Charity were reckless, careless, negligent,

6

Verified Complaint for Damage
Jasmine Davis vs. Cadence Education, LLC, et al.
Case No.: _____

Justin L. Ward, Esq.

unreliable, and a threat to employees like Plaintiff.

45.    Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that Plaintiff was subject to harassment, discrimination, and retaliation in the course of her employment.

46.    Defendants, and each of them, failed to take all reasonably necessary steps to prevent such harassment and discrimination from occurring.

47.    Defendants' failure to take all reasonably necessary steps to prevent D Salvino's conduct caused Plaintiff to be subject to unlawful harassment and discrimination.

48.    As a direct and proximate result of Defendants' harassment, Plaintiff has sustained and continues to sustain injury in the form of loss of pay and benefits, emotional distress, humiliation, embarrassment, and mental anguish, all to her damage in an amount to be established at trial, but exceeding, in any event, the minimum amount needed to exceed the minimum jurisdictional limits of this Court.

49.    In failing to take reasonably necessary steps to prevent Plaintiff from being harassed and discriminated, Defendants acted willfully, maliciously, oppressively and/or fraudulently, and with conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive damages from Defendants in an amount appropriate to punish and set an example of said defendants.

50.    As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Government Code § 12965, subd. (b).

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION

#### Harassment in Violation of FEHA

#### (Against All Defendants)

51.    Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth above herein.

52.    Plaintiff is and was, at all times material herein, protected under the FEHA, California

7

Government Code, § 12940, et seq.

53.    California Government Code § 12940(j) prohibits an employer or any person from harassing any employee on the basis of, among other categories, her race.

54.    Defendants violated § 12940 (j) when they harassed Plaintiff on the basis of her race, and took other adverse actions against Plaintiff, as set forth above.

55.    The actions of K Salvino and Ms. Charity took place primarily due to the fact that Josiah is African-American.

56.    When Plaintiff complained about the racist actions of K Salvino and Ms. Charity, she was then harassed by her supervisor D Salvino and her co-workers, including K Salvino and Ms. Charity as set forth above.

57.    D Salvino was Plaintiff's supervisor and harassed Plaintiff as set forth above. Defendants, and each of them, are strictly liable for all acts of D Salvino, as she was Plaintiff's supervisor.

58.    Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that D Salvino was reckless, careless, negligent, unreliable, and a threat and/or potential threat to employees.

59.    Defendants, and each of them, knew or should have known of D Salvino's misconduct and failed to take immediate and appropriate corrective action. Supervisors, officers, and/or directors of Defendants, and each of them, knew of D Salvino's misconduct and failed to take corrective action, and D Salvino remained employed by Defendants.

60.    D Salvino engaged in verbal, visual, and physical conduct towards Plaintiff, based on the race of Plaintiff and her son, that was unwelcome, pervasive, and severe.

61.    Defendants' acts in harassing Plaintiff in the workplace were wanton, willful, intentional, malicious, oppressive and/or fraudulent, and with a reckless disregard for her rights, thus entitling Plaintiff to an award of punitive damages.

62.    As a direct and proximate result of Defendants' harassment of Plaintiff, Plaintiff has sustained and continues to sustain injury in the form of loss of pay and benefits, emotional distress,

1   humiliation, embarrassment, and mental anguish, all to her damage in an amount to be established at

2   trial, but exceeding, in any event, the minimum amount needed to exceed the minimum jurisdictional

3   limits of this Court.

4       63.    As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys'

5   fees and costs of suit as provided in Government Code § 12965, subd. (b).

6       WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set

7   forth below.

8   **FOURTH CAUSE OF ACTION**

9   **Retaliation in violation of Labor Code Sections 1102.5**

10   **(Against All Defendants)**

11       64.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

12   contained in this complaint as though fully set forth herein.

13       65.    This cause of action is asserted against all Defendants.

14       66.    At all relevant times, Plaintiff was an employee of Defendants.

15       67.    At all times during Plaintiff's tenure with Defendants, Plaintiff was protected by

16   California State law from retaliation based, or motivated by, her opposition to practices in violation of

17   the law, including, without limitation, FEHA, the California Penal Code and the California Labor Code.

18       68.    California Labor Code §1102.5(c) prohibits employers from taking retaliatory actions

19   against an employee who refuses to engage in a violation of state or federal law and/or who discloses,

20   or whom an employer reasonably believes has or will disclose, violations of state or federal law.

21   Plaintiff complained about violations of the California Penal Code, California Welfare and Institutions

22   Code, and firmly established civil laws, including false imprisonment, assault, and battery. Defendants

23   made numerous decisions which adversely affected Plaintiff in regards to the terms, conditions and

24   privileges of employment, including without limitation, a hostile working environment and

25   constructive termination.

26       69.    As a proximate result of Defendants' willful, knowing, and intentional retaliatory acts

27   against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

28   employment benefits.

9

Verified Complaint for Damage
Jasmine Davis vs. Cadence Education, LLC, et al.
Case No.: _____                              Justin L. Ward, Esq.

70.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced weight gain, depression, insomnia, headaches, fatigue, anxiety, uncontrollable sobbing, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

71.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### Adverse Action in Violation of Public Policy

### (Against All Defendants)

72.     The allegations set forth in this complaint are hereby realleged and incorporated by reference.

73.     This cause of action is asserted against all Defendants.

74.     At all relevant times, Plaintiff was an employee of Defendants.

75.     Plaintiff was subjected to working conditions that violated public policy.

76.     Defendant's retaliation against Plaintiff due to Plaintiff's complaints regarding Defendant's illegal conduct violated public policy codified in Government Code section 12940; Government Code section 12945.1; the California Code of Regulations, title 2, sections 11019, subdivision (b), and 11021; and Labor Code sections 201, 7203, 204, 226.7 232.5, 512, 6310, 6311, 6400, 6401, 6402, 6403, and 6404.

77.     Defendant retaliated against Plaintiff for Plaintiff and/or her mother's reporting of the illegal activity and mistreatment of Plaintiff's son, Josiah, by creating the overall hostile terms and conditions of employment and constructively terminating her employment.

78.     Contrary to the public policy underlying Government Code section 12940, subdivisions (a), (h), (k), (m), and (n), and section 12945, Defendants took adverse action and retaliated against Plaintiff because she complained about how Defendants treated her son, who was an infant client of Defendants.

79.     Contrary to the public policy underlying Labor Code sections 98.6, 1102.5, 6310, and

Verified Complaint for Damage
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: _____

Justin L. Ward, Esq.

6311, Defendant took adverse action against Plaintiff in retaliation for Plaintiff's complaints regarding illegal activity.

80. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

81. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the minimum jurisdiction of this Court.

82. As an actual and proximate result of Defendants' willful and intentional wrongful adverse actions, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

83. As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced weight gain, depression, insomnia, headaches, fatigue, anxiety, uncontrollable sobbing, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

84. As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

85. The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

2. For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

3. For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants, and each of their, unlawful conduct;

4. For costs and expenses of this litigation, including expert fees and costs;

11

5.    For reasonable attorneys' fees pursuant to *Govt. Code section 12965*, or as otherwise may be provided for and appropriate;

6.    For pre- and post-judgment interest as allowed and according to proof;

7.    For punitive damages; and

8.    For all other relief as this Court may deem just and proper.


DATED: October 16, 2023          THE WARD FIRM



                                 By _____
                                    Justin L. Ward, Esq.
                                    Attorney for Plaintiff,
                                    JASMINE DAVIS



### DEMAND FOR JURY TRIAL


Plaintiff hereby demands trial by jury for this matter.


DATED: October 16, 2023          THE WARD FIRM



                                 By _____
                                    Justin L. Ward,
                                    Attorney for Plaintiff,
                                    JASMINE DAVIS

Verified Complaint for Damage                                          Justin L. Ward, Esq.
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: _____

## <u>VERIFICATION OF COMPLAINT FOR DAMAGES</u>

I, Jasmine Davis, have read the attached Complaint for Damages and hereby attest to the truth of all matters asserted therein except for those alleged on information and belief.

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct to the best of my personal knowledge.

10/12/2023
_____
Date

_____
Jasmine Davis (Oct 12, 2023 17:46 PDT)
Jasmine Davis

# VERIFICATION OF COMPLAINT FOR DAMAGES

Final Audit Report                                        2023-10-13

| | |
|---|---|
| Created: | 2023-10-13 |
| By: | Justin Ward (thewardfirmca@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAvgcFk-1-wiwjhRmCGO_dkE5djcLZvcu2 |

## "VERIFICATION OF COMPLAINT FOR DAMAGES" History

🗐 Document created by Justin Ward (thewardfirmca@gmail.com)
   2023-10-13 - 0:43:12 AM GMT- IP address: 65.78.188.56

📧 Document emailed to davisjasmine22@gmail.com for signature
   2023-10-13 - 0:43:15 AM GMT

🖊 Signer davisjasmine22@gmail.com entered name at signing as Jasmine Davis
   2023-10-13 - 0:46:36 AM GMT- IP address: 67.174.46.68

🖊 Document e-signed by Jasmine Davis (davisjasmine22@gmail.com)
   Signature Date: 2023-10-13 - 0:46:38 AM GMT - Time Source: server- IP address: 67.174.46.68

✔ Agreement completed.
   2023-10-13 - 0:46:38 AM GMT

**Adobe Acrobat Sign**

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 16, 2022

Justin Ward
2121 Natomas Crossing Drive
Suite 200-389
Sacramento, CA 95834

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202210-18576817
Right to Sue: Davis / Cadence Education, LLC

Dear Justin Ward:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

October 16, 2022

RE:  **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202210-18576817
Right to Sue: Davis / Cadence Education, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

October 16, 2022

Jasmine Davis
2121 Natomas Crossing Drive, Suite 200-389
Sacramento, CA 95834

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202210-18576817
Right to Sue: Davis / Cadence Education, LLC

Dear Jasmine Davis:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 16, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jasmine Davis

CRD No. 202210-18576817

Complainant,

vs.

Cadence Education, LLC
8800 North Gainey Center Drive, Suite 300
Scottsdale, AZ 85258

Respondents

---

1. Respondent **Cadence Education, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jasmine Davis**, resides in the City of **Sacramento**, State of **CA**.

3. Complainant alleges that on or about **October 23, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, color and as a result of the discrimination was forced to quit, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was forced to quit, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

-1-

*Complaint – CRD No. 202210-18576817*

Date Filed: October 16, 2022

CRD-ENF 80 RS (Revised 10/22)

**Additional Complaint Details:** Jasmine Davis began working as a pre-school teacher at the Cadence Academy (Cadence) El Camino location site in Sacramento California in December 2017. Ms. Davis' then seven-month old son, Jeremiah Davis began attending Cadence shortly after she began working there. Ms. Davis gave birth to another son, Josiah Davis on September 22, 2018. Josiah began attending Cadence approximately six weeks after he was born.

During October 2019, Cadence employee Katie Salvino (K Salvino), who was the daughter of Cadence director, Debborah Salvino (D Salvino) held then thirteen month-old Josiah in her arms and proceeded to manipulate the baby's body to dance to a rap song. The video of the incident was later posted on Facebook by Cadence employee Ashley Charity. The video shows Josiah continuously being jerked around and lifted to dance. Ms. Charity forwarded a copy of the video to Ms. Davis.

Rhonda Davis, Jasmine's mother, reported the Cadence employees' actions to the California Department of Social Services (DSS). DSS investigated the incident and contacted Cadence regarding the allegations, eventually citing Cadence for a "violation of personal rights of a child".

After the incident was reported to DSS, Ms. Davis noticed that many of her coworkers and supervisors began to treat her differently. Normally they engaged in regular conversations both personal and work-related. Jasmine also socialized often with coworkers. They went to dinner, bars, and clubs together and always ate lunch together. After Ms. Davis reported the incident, she was no longer invited to social with her coworkers at work or after work. She felt very ostracized.

Ms. Davis' children were also treated differently. The children were neglected. Diapers not changed when Jasmine picked son up. Ms. Davis informed her supervisor, D Salvino of the fact, but nothing changed.

Danielle (last name unknown), a coworker of Ms. Davis informed her that everyone was mad at Ms. Davis for reporting the school's actions regarding her son. Danielle also informed Ms. Davis that Ms. Salvino told all the employees not to speak to Ms. Davis because they could not trust her. Ms. Salvino had previously told Ms. Davis not to speak to certain coworkers when she was upset with them.

On October 17, 2019, Ms. Davis approached D Salvino to discuss matters and things that were said. Ms. Salvino denied the accusations and began to cause more problems for Ms. Davis. Ms. Salvino told the other employees that Ms. Davis was "throwing them under the bus." D Salvino then confronted Danielle about what Danielle told Ms. Davis and even threatened to terminate Danielle if she continued to speak to Ms. Davis. Due to the constant harassment and retaliation, Ms. Davis gave her two-week notice.

-2-
*Complaint – CRD No. 202210-18576817*

Date Filed: October 16, 2022

CRD-ENF 80 RS (Revised 10/22)

1   On or about October 23, 2019, Ms. Davis was told by an employee that she heard Ms.
2   Davis' children's teachers saying they did not want to do anything regarding her children
    because they did not want to deal with Ms. Davis or get reported by her.

3   Ms. Davis felt that the exploitation of her son by K Salvino and subsequent lack of discipline
    by Cadence and D Salvino was unacceptable. Their actions caused a significant amount of
4   stress and emotional pain because it was obvious to Ms. Davis that they did not care about
    the mistreatment of Ms. Davis' son in a classroom where he should have been safe. Ms.
5   Davis' son was exploited and mishandled in an obviously racial manner for the satisfaction
6   of others and recorded on another employee's personal phone without Ms. Davis' consent.

7   On or about October 23, 2019, after she was no longer able to withstand the constant
    retaliation and harassment, Ms. Davis wrote a letter to D Salvino, informing her of the
8   various issues and explaining why she was quitting effective immediately. Ms. Davis later
    forward the letter to the Cadence corporate office.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26                                     -3-
         *Complaint – CRD No. 202210-18576817*
27
    Date Filed: October 16, 2022
28
                                    CRD-ENF 80 RS (Revised 10/22)

1   VERIFICATION

2   I, **Justin L. Ward**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.
4
    On October 16, 2022, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                      **Sacramento California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                  -4-
27
    Date Filed: October 16, 2022
28

                                                                    CRD-ENF 80 RS (Revised 10/22)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Jasmine Davis | |
| DEFENDANT/RESPONDENT: Cadence Education, LLC et al | |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER: 23CV009934 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| LAW & MOTION | Richard K. Sueyoshi | Hall of Justice | 53 |
| CASE MANAGEMENT PROGRAM | Thadd A. Blizzard | Gordon D. Schaber Superior Court | 43 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **May 10, 2024** in **Department 43** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

| SHORT TITLE: DAVIS vs CADENCE EDUCATION, LLC, et al. | CASE NUMBER: 23CV009934 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/17/2023                    By:        /s/ V. Bloxson
                                                V. Bloxson, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street
### Sacramento, CA  95814-1380
### (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. <br><br> When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. <br><br> A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. <br><br> Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. <br><br> No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| Mediation Statement | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| Case Management Conference | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento

Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento

Case Management

## Arbitration
### *UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### **Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*):<br>**Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER: | CASE MANAGEMENT CONFERENCE DATE: |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION AND ORDER TO MEDIATION -- UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

☐ **1. Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ **2. Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ **3. Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ **4. Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:                          Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                Name_____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                Name_____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                        Name_____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation -- Unlimited Civil

CVIE–MED–179 (Rev 01.01.14)
Local Form Adopted for Mandatory Use

**STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL**

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

Bar # _____
Address_____
_____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

Bar # _____
Address_____
_____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

Bar # _____
Address_____
_____

☐ Plaintiff ☐ Defendant ☐ Cross-Complainant ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

**ORDER**

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process.  The Trial and Settlement Conference dates shall be selected no later than
_____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for:      _____  _____  _____
                                              Date            Time            Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that:  _____
_____

Dated: _____    Signed: _____
                                           **Judge of the Superior Court**

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION

### *(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

---

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address_____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

---

Stipulation and Order to Mediation – Unlimited Civil



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## TENTATIVE RULING INFORMATION

### What is a Tentative Ruling

Prior to a hearing, the Court may issue a tentative ruling. The tentative ruling will become the order of the Court, and no hearing will be held, unless a party requests and appearance. A party requesting an appearance must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

### Access to Tentative Rulings

Tentative Rulings are available after 2:00 p.m. on the court day before the matter is heard. Tentative rulings may be viewed through the courts online services at **www.saccourt.ca.gov**, via the "View Civil and Probate Documents and Tentative Rulings" link on the Home page. Instructions will be available as to how to search for the tentative rulings.

If you do not have internet access, a clerk will read the tentative rulings to you over the phone. To obtain that service, you may contact the department in which the matter is scheduled using the appropriate telephone number below.

| Scheduled Department | Information Phone Numbers |
|---|---|
| Department 47 (Presiding Judge) | 916-874-5487 |
| Department 53 (Law and Motion) | 916-874-7858 |
| Department 54 (Law and Motion) | 916-874-7848 |
| Department 36 (CMP) | 916-874-7661 |
| Department 39 (CMP) | 916-874-7584 |

### Advising Clerk of Appearance

You may request an appearance by contacting the department in which the matter is scheduled, at the appropriate telephone number above.

**See Local Rules for additional information:**
1.06      - Presiding Judge (Dept 47)
1.06      - Law & Motion
2.47      - Case Management Program (CMP)

---

**COURT'S WEB SITE – WWW.SACCOURT.CA.GOV**

---

Tentative Ruling Information