Justin L. Ward (SBN: 225363)
**THE WARD FIRM**
2121 Natomas Crossing Drive, Suite 200-389
Sacramento, California 95834
Telephone:  916.443.2474
Facsimile:  916.209.8628
E-Mail:      justin@jlwardfirm.com

Attorneys for Plaintiff,
JASMINE DAVIS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE DAVIS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CADENCE EDUCATION, LLC dba CADENCE ACADEMY and DOES 1-20,<br><br>                    Defendants. | Case No.: 2:23-CV-02975-MCE-CKD<br><br>**VERIFIED AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **Retaliation in Violation of FEHA;**<br>2. **Failure to Prevent Harassment and Discrimination in Violation of FEHA;**<br>3. **Harassment in Violation of FEHA (Hostile working environment); and**<br>4. **Retaliation in Violation of Labor Code Section 1102.5**<br><br>**DEMAND FOR JURY TRIAL** |

### *PARTIES*

### PLAINTIFF

1.       At all times relevant herein, Plaintiff Jasmine Davis ("Davis" or "Plaintiff") is an adult female, and a resident of the State of California. At all times herein, Plaintiff was an employee of Cadence Education, LLC, dba Cadence Academy an unknown business entity. Plaintiff was assigned to work at the Cadence Academy located at 5739 El Camino Avenue in Carmichael, California.

### DEFENDANTS

2.       Defendant Cadence Education, LLC dba Cadence Academy, ("Cadence") is an unknown business entity, incorporated at 8800 North Gainey Center Drive, Suite 300 in Scottsdale,

Arizona, while doing business at 5739 El Camino Avenue in Carmichael, California. Cadence was at all times relevant to this action an "Employer," as defined by Government Code section 12926, subdivision (d).

3.      The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4.      Hereinafter, Defendants Cadence and DOES 1 through 20, inclusive, are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5.      Plaintiff brings this action pursuant to and under the California Fair Employment & Housing Act ("FEHA") and other common and statutory laws.

6.      Venue is proper in this Court because the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in the County of Sacramento, located in the State of California. The Defendants' principal place of business is in the County of Sacramento, and Plaintiff was employed by Defendants in the County of Sacramento. Plaintiff is informed and believes and thereon alleges that employment records are maintained in the County of Sacramento.

7.      State policy favors jurisdiction and venue in Sacramento County, California because the State of California has a policy of protecting California residents and ensuring the applicability of California labor laws.

8.      Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and evidence relevant to this case are located in Sacramento County in California.

9.      Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendants suffer no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if she were required to file in an alternative forum, if any such forum exists. Such

2

Verified Amended Complaint for Damage
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: 2:23-CV-02975-MCE-CKD

Justin L. Ward, Esq.

burden and hardship on Plaintiff includes but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

10.     The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

## ADMNISTRATIVE EXAUSTION

11.     Before filing the instant action, Plaintiff exhausted her administrative remedies. On or about October 16, 2022, Plaintiff filed a charge with the California Civil Rights Department ("CCRD"). On or about October 16, 2022, Plaintiff received a Notice of Case Closure, together with a Right-To-Sue Notice (attached as Exhibit 1).

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     At all times relevant herein, Ms. Davis, was an adult female employee of Defendants, working at Cadence Academy located at 5739 El Camino Avenue in Carmichael, California. The Cadence corporate office is located at 8800 North Gainey Center Drive, Suite 300 in Scottsdale, Arizona.

13.     At all times relevant herein, Defendants employed sufficient employees to make them an "employer" within the meaning of the FEHA.

14.     Ms. Davis began working as a pre-school teacher at Cadence in December 2017.

15.     Ms. Davis's then seven-month-old son, Jeremiah Davis began attending Cadence shortly after she began working there. Ms. Davis gave birth to another son, Josiah Davis on September 22, 2018. Josiah began attending Cadence approximately six weeks after he was born.

16.     During October 2019 Cadence employee Katie Salvino (K Salvino), who is the Caucasian daughter of the Caucasian Cadence director, Debborah Salvino (D Salvino) held then thirteen-month-old Josiah, who is African-American, in her arms and proceeded to manipulate the baby's body to dance to a rap song. The video of the incident was later posted on Facebook by Cadence employee Ashley Charity. The video shows Josiah continuously being jerked around and lifted to dance. Ms. Charity forwarded a copy of the video to Ms. Davis.

17.     K Salvino and Ms. Charity have cared for many children of all races during their employment with Cadence. To Ms. Davis's knowledge, they never forced any other infants to dance

3

Verified Amended Complaint for Damage
Jasmine Davis vs. Cadence Education, LLC, et al.
Case No.: 2:23-CV-02975-MCE-CKD

Justin L. Ward, Esq.

and then taken videos of them, except for the African-American Josiah.

18.    Rhonda Davis, Jasmine Davis's mother, reported the Cadence employees' actions to the California Department of Social Services (DSS). DSS investigated the incident and contacted Cadence regarding the allegations, eventually citing Cadence for a "violation of personal rights of a child".

19.    After the incident was reported to DSS, Ms. Davis noticed that many of her coworkers and supervisors began to treat her differently. Normally they engaged in regular conversations both personal and work-related. Jasmine also socialized often with coworkers. They went to dinner, bars, and clubs together and always ate lunch together. After Ms. Davis reported the incident, she was no longer invited to social events with her coworkers at work or after work. She felt very ostracized.

20.    Ms. Davis's children were also treated differently. The children were neglected. On multiple occasions, their diapers were not changed when Ms. Davis picked them up.

21.    Ms. Davis informed her supervisor, D Salvino of the actions of her co-workers, but the ostracization and neglect of Ms. Davis's children continued.

22.    Danielle (last name unknown), a coworker of Ms. Davis informed her that everyone was mad at Ms. Davis for her mother's reporting of the school's actions regarding her son.

23.    Danielle also informed Ms. Davis that D Salvino told all the employees not to speak to Ms. Davis because they could not trust her.

24.    Ms. Davis felt Danielle was likely telling the truth because D Salvino had previously told Ms. Davis not to speak to certain coworkers when she was upset with them.

25.    On October 17, 2019, Ms. Davis approached D Salvino to discuss the harassment and retaliation she was experiencing. Ms. Davis informed D Salvino that the exploitation of her son by K Salvino and subsequent lack of discipline by Cadence and D Salvino was unacceptable. She let D Salvino know that their actions caused a significant amount of stress and emotional pain because it was obvious to Ms. Davis that they did not care about the mistreatment of Ms. Davis's son in a classroom where he should have been safe.

26.    Ms. Davis also told D Salvino that her son was exploited and mishandled in an obviously racial manner for the satisfaction of others and recorded on another employee's personal phone without Ms. Davis's consent. D Salvino denied that there was any retaliation or harassment of Ms. Davis and

4

did not offer to act to protect Ms. Davis or her children.

27.    On information and belief, K Salvino would not have committed her discriminatory actions against Josiah if Josiah was not the son of a Cadence employee. It appears K Salvino felt protected by the fact that Ms. Davis was an employee and likely would not report anything due to a fear of retaliation.

28.    On information and belief, K Salvino would not have committed her discriminatory actions against Josiah if he were not African-American, as rap music is predominantly performed by African-American artists.

29.    After the October 17, 2019, meeting, D Salvino told the other Cadence employees that Ms. Davis was "throwing them under the bus."

30.    D Salvino also confronted Danielle about what Danielle told Ms. Davis and threatened to terminate Danielle if she continued to speak to Ms. Davis.

31.    After being informed of D Salvino's actions after their October 17, 2019, meeting, Ms. Davis could no longer endure the mistreatment she received by Cadence and gave her two-week notice.

32.    On or about October 23, 2019, Ms. Davis was told by a coworker that she heard Ms. Davis's children's teachers saying they did not want to do anything regarding her children because they did not want to deal with Ms. Davis or get reported by her.

33.    On or about October 23, 2019, after she was no longer able to withstand the constant retaliation and harassment, Ms. Davis wrote a letter to D Salvino, reminding her of the various issues she brought up in the October 17, 2019, meeting and explaining why she was quitting effective immediately. Ms. Davis later forwarded the letter to the Cadence corporate office.

## *CAUSES OF ACTION*

### FIRST CAUSE OF ACTION

#### Retaliation in violation of FEHA

#### (Against All Defendants)

34.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

35.    This cause of action is asserted against all Defendants.

Verified Amended Complaint for Damage
*Jasmine Davis vs. Cadence Education, LLC, et al.*
Case No.: 2:23-CV-02975-MCE-CKD

Justin L. Ward, Esq.

36. At all relevant times, Plaintiff was an employee of Defendants.

37. At all times during Plaintiff's tenure with Defendants, and each of them, Plaintiff was protected by California State law from retaliation based, or motivated by, her opposition to practices in violation of the law, including, without limitation, FEHA, and the California Labor Code.

38. Plaintiff was subjected to and complained of practices prohibited by FEHA. Defendants made numerous decisions which adversely affected Plaintiff in regard to the terms, conditions and privileges of employment, including, but not limited to, subjecting her to, harassment, and discrimination. Plaintiff is informed and believes and thereon alleges that the adverse actions taken by Defendants were motivated, at least in substantial part, by her protected activities including reporting K Salvino and Ms. Charity's inappropriate actions towards Josiah.

39. Plaintiff filed a timely charge of discrimination with the CCRD. Plaintiff received a Notice of Right to Sue from the CCRD.

40. As more fully described above, Plaintiff engaged in protected activities including objecting to harassment and discrimination of Josiah.

41. Plaintiff was harassed by employees employed by Defendants, and she objected to the conduct repeatedly. She reported the statements and conduct but suffered retaliation as a result. In exercising her rights under the FEHA, Plaintiff engaged in legally protected activity.

42. As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced weight gain, depression, insomnia, headaches, fatigue, anxiety, uncontrollable sobbing, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

43. As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination or Retaliation in Violation of FEHA

### (Against All Defendants)

44. Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth

Verified Amended Complaint for Damage
Jasmine Davis vs. Cadence Education, LLC, et al.
Case No.: 2:23-CV-02975-MCE-CKD

Justin L. Ward, Esq.

herein.

45.    Government Code § 12940(k) sets forth that an employer cannot fail to take all reasonable steps necessary to prevent harassment, discrimination, or retaliation, and that failing to do so is a violation of § 12940(k).

46.    Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that Katie Salvino, Deborah Salvino, and Ashley Charity were reckless, careless, negligent, unreliable, and a threat to employees like Plaintiff.

47.    Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that Plaintiff was subject to harassment, discrimination, and retaliation in the course of her employment.

48.    Defendants, and each of them, failed to take all reasonably necessary steps to prevent such harassment and discrimination from occurring.

49.    Defendants' failure to take all reasonably necessary steps to prevent D Salvino's conduct caused Plaintiff to be subject to unlawful harassment and discrimination.

50.    As a direct and proximate result of Defendants' harassment, Plaintiff has sustained and continues to sustain injury in the form of loss of pay and benefits, emotional distress, humiliation, embarrassment, and mental anguish, all to her damage in an amount to be established at trial, but exceeding, in any event, the minimum amount needed to exceed the minimum jurisdictional limits of this Court.

51.    In failing to take reasonably necessary steps to prevent Plaintiff from being harassed and discriminated, Defendants acted willfully, maliciously, oppressively and/or fraudulently, and with conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive damages from Defendants in an amount appropriate to punish and set an example of said defendants.

52.    As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Government Code § 12965, subd. (b).

///

7

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION

### Harassment in Violation of FEHA

### (Against All Defendants)

53.    Plaintiff incorporates all foregoing paragraphs of this Complaint as though fully set forth above herein.

54.    Plaintiff is and was, at all times material herein, protected under the FEHA, California Government Code, § 12940, et seq.

55.    California Government Code § 12940(j) prohibits an employer or any person from harassing any employee on the basis of, among other categories, her race.

56.    Defendants violated § 12940 (j) when they harassed Plaintiff on the basis of her race, and took other adverse actions against Plaintiff, as set forth above.

57.    The actions of K Salvino and Ms. Charity took place primarily due to the fact that Josiah is African-American.

58.    When Plaintiff complained about the racist actions of K Salvino and Ms. Charity, she was then harassed by her supervisor D Salvino and her co-workers, including K Salvino and Ms. Charity as set forth above.

59.    D Salvino was Plaintiff's supervisor and harassed Plaintiff as set forth above. Defendants, and each of them, are strictly liable for all acts of D Salvino, as she was Plaintiff's supervisor.

60.    Upon information and belief, Defendants, and each of them, knew or from facts known to them should have known, or from facts ascertainable through the exercise of reasonable care should have known that D Salvino was reckless, careless, negligent, unreliable, and a threat and/or potential threat to employees.

61.    Defendants, and each of them, knew or should have known of D Salvino's misconduct and failed to take immediate and appropriate corrective action. Supervisors, officers, and/or directors of Defendants, and each of them, knew of D Salvino's misconduct and failed to take corrective action,

8

1   and D Salvino remained employed by Defendants.

2        62.    D Salvino engaged in verbal, visual, and physical conduct towards Plaintiff, based on

3   the race of Plaintiff and her son, that was unwelcome, pervasive, and severe.

4        63.    Defendants' acts in harassing Plaintiff in the workplace were wanton, willful,

5   intentional, malicious, oppressive and/or fraudulent, and with a reckless disregard for her rights, thus

6   entitling Plaintiff to an award of punitive damages.

7        64.    As a direct and proximate result of Defendants' harassment of Plaintiff, Plaintiff has

8   sustained and continues to sustain injury in the form of loss of pay and benefits, emotional distress,

9   humiliation, embarrassment, and mental anguish, all to her damage in an amount to be established at

10  trial, but exceeding, in any event, the minimum amount needed to exceed the minimum jurisdictional

11  limits of this Court.

12       65.    As a result of Defendants' acts and conduct, Plaintiff is entitled to reasonable attorneys'

13  fees and costs of suit as provided in Government Code § 12965, subd. (b).

14       WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set

15  forth below.

16                         **FOURTH CAUSE OF ACTION**

17              **Retaliation in violation of Labor Code Sections 1102.5**

18                         **(Against All Defendants)**

19       66.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

20  contained in this complaint as though fully set forth herein.

21       67.    This cause of action is asserted against all Defendants.

22       68.    At all relevant times, Plaintiff was an employee of Defendants.

23       69.    At all times during Plaintiff's tenure with Defendants, Plaintiff was protected by

24  California State law from retaliation based, or motivated by, her opposition to practices in violation of

25  the law, including, without limitation, FEHA, the California Penal Code and the California Labor Code.

26       70.    California Labor Code §1102.5(c) prohibits employers from taking retaliatory actions

27  against an employee who refuses to engage in a violation of state or federal law and/or who discloses,

28  or whom an employer reasonably believes has or will disclose, violations of state or federal law.

Plaintiff complained about violations of the California Penal Code, California Welfare and Institutions Code, and firmly established civil laws, including false imprisonment, assault, and battery. Defendants made numerous decisions which adversely affected Plaintiff in regards to the terms, conditions and privileges of employment, including without limitation, a hostile working environment and constructive termination.

71.     As a proximate result of Defendants' willful, knowing, and intentional retaliatory acts against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

72.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced weight gain, depression, insomnia, headaches, fatigue, anxiety, uncontrollable sobbing, and loss of concentration. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

73.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

2.     For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

3.     For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants, and each of their, unlawful conduct;

4.     For costs and expenses of this litigation, including expert fees and costs;

5.     For reasonable attorneys' fees pursuant to *Govt. Code section 12965*, or as otherwise may be provided for and appropriate;

6.     For pre- and post-judgment interest as allowed and according to proof;

7.     For punitive damages; and

8.      For all other relief as this Court may deem just and proper.


DATED: February 16, 2024          THE WARD FIRM


By _____
Justin L. Ward, Esq.
Attorney for Plaintiff,
JASMINE DAVIS


## DEMAND FOR JURY TRIAL


Plaintiff hereby demands trial by jury for this matter.


DATED: February 16, 2024          THE WARD FIRM


By _____
Justin L. Ward,
Attorney for Plaintiff,
JASMINE DAVIS


11

## VERIFICATION OF AMENDED COMPLAINT FOR DAMAGES

I, Jasmine Davis, have read the attached Complaint for Damages and hereby attest to the truth of all matters asserted therein except for those alleged on information and belief.

I declare under penalty of perjury, pursuant to the laws of the State of California that the foregoing is true and correct to the best of my personal knowledge.

16/02/2024
_____
Date

Jasmine Davis (Feb 16, 2024 15:11 PST)
_____
Jasmine Davis

# VERIFICATION OF COMPLAINT FOR DAMAGES

Final Audit Report                                                          2024-02-16

| | |
|---|---|
| Created: | 2024-02-16 |
| By: | Justin Ward (thewardfirmca@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjaP-6pCINS2ehixwSqiYxAHS5ZSIxkRN |

## "VERIFICATION OF COMPLAINT FOR DAMAGES" History

📄 Document created by Justin Ward (thewardfirmca@gmail.com)
2024-02-16 - 11:09:56 PM GMT- IP address: 65.78.188.56

📧 Document emailed to Jasmine Davis (davisjasmine22@gmail.com) for signature
2024-02-16 - 11:09:59 PM GMT

📄 Email viewed by Jasmine Davis (davisjasmine22@gmail.com)
2024-02-16 - 11:10:05 PM GMT- IP address: 66.249.84.68

✒️ Document e-signed by Jasmine Davis (davisjasmine22@gmail.com)
Signature Date: 2024-02-16 - 11:11:39 PM GMT - Time Source: server- IP address: 73.66.54.208

✅ Agreement completed.
2024-02-16 - 11:11:39 PM GMT

**Adobe Acrobat Sign**